(7 App. Div. 278)

SMITH v. CENTRAL TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

1. NECESSARY PARTIES—TRUSTEES.
    In an action for an accounting in respect to the income of securities which had been placed in defendant's possession by a trustee, who had since died, the successor of such trustee is a necessary party.

2. SAME—PLEADING DEFECT.
    The fact that the nonjoinder of a person as a party has been pleaded as a defense does not prevent the court from directing such person to be brought in as a party.

Appeal from special term, New York county.

Action by Emma Condit Smith, as testamentary guardian, against the Central Trust Company of New York. From an order denying a motion to bring in William Pennington, trustee, as a party defendant, said Pennington appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Adrian H. Joline, for appellant.
Alex. Thain, for respondent.

INGRAHAM, J. We think this motion should have been granted. The action is in equity, by a testamentary guardian of two infants, to obtain an accounting with respect to the income of certain securities held by the defendant "in trust." In such an action "any person may be made a defendant who has, or claims an interest in the controversy, adverse to the plaintiff, or who is a necessary party defendant, for the complete determination or settlement of a question involved therein." Code, § 447. And section 452 of the

Code provides that the court must direct a party whose presence is necessary for a complete determination of the controversy to be brought in. It appears that the property concerning which this plaintiff has asked the defendant to account was deposited with the defendant by one George Condit Smith, who held it as trustee; that said Smith is dead, and that William Pennington has been appointed by the chancellor of the state of New Jersey to succeed the said George Condit Smith as trustee; and that the said Pennington, as such substituted trustee, is a necessary party to a complete determination of an action for an accounting of the property of the trust estate, is apparent. There is nothing in the Code to justify the conclusion that the fact that the nonjoinder of the substituted trustee has been pleaded as a defense prevents the court from directing such a person to be brought in as a party defendant at any time. In fact, the only effect of pleading this as a defense in this action would be, if it was good, to require the court on the trial to direct that the person be made a party, and adjourn the proceeding until its order had been complied with. Nor should we determine on this motion the question as to the jurisdiction of the chancellor of New Jersey to make this appointment. The trust was created under the laws of the state of New Jersey, and was to be performed as provided by its law; and the order of a court of competent jurisdiction, directing how that trust shall be carried out, cannot be attacked collaterally.

We think the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.